*Ex parte* JONES and others

In settling a
bill of excep-
tions, no facts
should be in-
serted beside
those neces-
sary to pre-
sent the ques-
[*124]
tion of law de-
cided by the
court; and to
which the ex-
ception is
pointed. The
only exception
to this rule is,
where the mat-
ter proposed to
be inserted
may reasona-
bly be insisted
on as a waiver
of the excep-
tion.

BEACH brought debt against Jones and others, on an appeal bond, in the C. P. of Monroe; and assigned two breaches; 1. That the appellant did not prosecute with due diligence, wherefore the appeal was dismissed with costs; and he had not paid them; 2. That he did not prosecute, &c., wherefore the appeal was dismissed, and he *had not paid the damages before the justice, or surrendered himself, &c. On the trial, after the evidence closed on both sides, it was conceded there were no facts in dispute: and the defendants contended that the plaintiff could not recover, because the facts did not prove a want of due dili gence; and if they did, still there were no costs to be paid, the award of costs being, as they contended, without jurisdiction and void; and that he could not recover on the second breach, because no execution had been issued by the justice. The court decided that there was a want of due diligence; but the plaintiff could not recover on the first breach, because the award of costs was void; nor on the second, because no execution had issued. Beach excepted to this decision. The court charged the jury according to their decision; and the plaintiff drew up a bill of exceptions, containing such facts only as presented the points which the court decided, and to which the exceptions were taken, but left out material facts going to show that though the court might have erred in their decision, yet the plaintiff could not recover by reason that there was no want of

diligence in prosecuting the appeal. The defendants pro-
posed these facts by way of amendment; and insisted be-
fore the judge agreed on by both parties to settle the bill,
that they should be inserted in it: which he denied, not be-
cause the facts were untrue, but because a bill of exceptions
is not designed to take before the superior court the whole
case; but only the precise point excepted to; and that the
plaintiff in error is not bound to carry up any facts except
such as are necessary to present the precise point ruled
against him and excepted to.

*S. Boughton,* for the relators, now moved for a mandamus
commanding the judges of Monroe county to seal the bill,
as amended.

*S. L. Selden,* contra, cited 5 John 467; 8 John. 507,
515; 1 Bac. Abr. 529.

*Curia.* The decision of the judge, agreed upon to settle [*125]
the bill of exceptions, was correct; and he gave the true
reasons why the additional matter proposed should not be
inserted. We have sometimes sanctioned the insertion of
facts not entering into the point decided, upon the ground
that they came from the party excepting; and operated as
a waiver of the exception. Such was the late case of *Jack-
son* v. *Tuttle,* (7 Cowen, 364,) where the party proposed to
insist, and there was reasonable ground for insisting, that
the proof which his opponent offered, and which was pro-
posed to be inserted, supplied the very defect which formed
the point in the bill. But that case went on the ground of
waiver. We have not gone farther; and it is not only unne-
cessary, but inconvenient to load a bill of exceptions with
extraneous matter. Everything is so, beyond what may
be essential to present the naked point of law, which is the
true office of a bill of exceptions.[1]

　　　　　　　　　　　Motion denied.

[1] In settling the bill, counsel have a right to be heard before the judge;
and the judge has a right to correct his charge, even although the parties
may have agreed upon it; (6 Cowen, 569;) and he has also a right to strike

out such parts of the evidence as are immaterial and unnecessary to present the question of law raised by the bill. 5 Wendell, 103. So, also, he may insert such proof as goes to waive the exception; as, where the judge ruled that the plaintiff in ejectment had made out a *prima facie* title in G., under whom he claimed, and the defendant excepted, and afterwards the defendant proved that he himself claimed under G., it was held, that the judge, in settling the bill of exceptions, might insert the defendant's proof, so that the plaintiff might insist upon it, as a waiver of the exception. 7 Cowen, 364. So, also, where the plaintiff asked one of the defendant's witnesses, on cross-examination, whether certain real estate was not encumbered, which was objected to, as relating to a matter of record, but the answer, notwithstanding, was received, and excepted to, upon which the plaintiff immediately proved the incumbrance, by evidence of record, the court allowed the exception as in itself fatal, but received the evidence, which followed, as equivalent to a waiver, though the first evidence was not waived in so many words. 6 Cowen, 449. So, where the defendant offered two witnesses, who were objected to and rejected, to which the defendant excepted, upon which the plaintiff waived his objection, but the defendant refused to examine the witnesses, the court said it was immaterial whether the judge had decided right or wrong, for the defendant was not injured by the decision. 7 Serg. & Rawle, 218.

And upon the authority of these cases, in an action of trespass, where the plaintiff rested without proving anything against one of the defendants, upon which he moved that the jury be directed to pass upon the issue as against him, which was refused, and the defendant excepted. Irving, first judge N. Y. Com. Pleas, held that the evidence given in a subsequent stage of the cause, going to charge him, must be inserted in the bill, as tending to show that the party was not prejudiced by the decision. *Fowlds & Bell* v. *Kerrison & Ellis*, MS., Oct. 1827.

So, also, where the judge improperly refused to non-suit the plaintiff, but the bill of exceptions contained subsequent evidence, supplying the defect, the court refused to reverse the judgment on that ground. 6 Cowen, 484; 7 Wendell, 377.