NEW-YORK PRACTICE REPORTS.  385

The People ex rel. McDonald agt. Court of Sessions of Wayne County.

## SUPREME COURT.

### THE PEOPLE ex rel. JAMES McDONALD agt. THE COURT OF SESSIONS OF WAYNE COUNTY.

The district attorney and the counsel for the defendant settled a bill of exceptions on this wise: (Title of the cause.) "Having examined the annexed bill of exceptions, and found the same to be in all things correct, we stipulate that the same be and hereby is settled without presentation to the court." Dated, &c., and signed:

The bill of exceptions was soon afterwards presented to, and signed and sealed by the two associate justices of the court of sessions, who with the county judge, composed the court at which the trial was held. Soon after this, a change took place in the office of the district attorney.

The bill of exceptions was then presented to the county judge to be signed and sealed by him; he declined doing so, and indorsed thereon a certificate or statement in writing, as follows: "Having been applied to, to sign the within bill of exceptions, and also to sign the above certificate, I have declined to do so for the reason, the charge to the jury is not correctly set out in the bill, and I decline to sign it without the correction." The certificate referred to was to the effect that the bill of exceptions had been examined, and that it was expedient to take the judgment of the supreme court thereon.

Subsequently a justice of the supreme court made and indorsed on the bill of exceptions a certificate to the same effect as that last referred to, and the bill of exceptions with the said certificate was filed with the county clerk; and the district attorney as such, was requested to sue out a writ of certiorari to remove the case into the supreme court.

Afterwards the district attorney served on the relator's counsel a notice of a motion to be made in the court of sessions, for an order amending said bill of exceptions by incorporating therein the charge of the county judge as delivered to the jury, and for the re-settlement and re-signing of the bill, on the ground that the rulings of the court, and the charge to the jury, were incorrectly stated in the bill, and for such further order, &c.

This motion was made upon the bill of exceptions as filed, and on the minutes of the court alone, and opposed on the ground: 1st, That no papers had been served as a basis of the motion, (the court decided to hear the motion.) 2d, That the bill of exceptions was not shown to be incorrect: and 3d, That the court of sessions had no power to alter, amend, re-settle or interfere with the bill of exceptions. The court of sessions made an order that the motion be granted, and that the district attorney serve a copy of the amendment proposed to the bill on the relator's counsel with ten days' notice of settlement, the bill to be settled at the then next term of the court of sessions.

The People ex rel. McDonald agt. Court of Sessions of Wayne County.

Subsequently the relator's counsel moved to vacate said last-mentioned order, which motion was denied.

Afterwards an order was granted by the supreme court at special term that said court of sessions show cause why a writ of mandamus should not issue, commanding said court to vacate and annul said order directing the re-settlement of the bill of exceptions.

*Held*, 1st, That the court of sessions had the *power* to order a re-settlement of the bill of exceptions, notwithstanding the settlement and agreement made and signed by the (former) district attorney, and the relator's counsel, and signed by a majority of the court, and filed with the clerk.

*Held*, 2d, That the objection that the order for re-settling the bill of exceptions should be vacated and set aside, as made without any evidence before the court to justify it, and that the evidence produced by the relator, on the motion, showed clearly that the bill of exceptions had been fairly and truly settled, was answered by the fact, that it was claimed that the court of sessions was in possession of evidence showing the incorrectness of the bill of exceptions, viz : the minutes kept on the trial by the county judge, in which the charge to the court as delivered to the jury, was drawn out at full length, which differed materially from the charge stated in the bill of exceptions as settled, which was supported by the affidavit of the county judge, read in opposition to this motion.

*Held*, also, that the objection that this evidence or copies of papers containing it, was not served upon the relator or his counsel, before the motion for re-settlement was made, or read in opposition to the motion, should not be entertained on this motiom (for a *mandamus*), unless it was made to appear that some legal vested right of the relator had been denied or violated by reason of the omission complained of. (*Cases defining the powers and duties of the court on mandamus referred to.*)

*It seems*, that the court of sessions have no established positive rules of practice to govern them. They are not necessarily governed by the rules which have been established to regulate proceedings in civil actions in the supreme or any other court.

*Wayne Special Term and Circuit, Oct.* 1857.

MOTION for a writ of mandamus.

The relator was indicted in the court of oyer and terminer, for Wayne county, for obtaining goods by false pretences. The trial came on at the sessions for the same county, held in September, 1856, to which court the indictment had been sent, upon which trial the relator was convicted. Various exceptions were taken, on the part of the relator, to the rulings of the court of sessions in the progress of the trial, and to the charge of the court to the jury.

A bill of exceptions was afterwards prepared, and served upon the district attorney, who proposed several amendments thereto. Afterwards, and on the 23d day of December, 1856, the relator's counsel and the district attorney settled the bill of exceptions, and entered into a stipulation in writing, and annexed the same to the bill of exceptions as thus settled, in the words and figures following :

" Wayne County Sessions. *The People* agt. *James McDonald.* Having examined the annexed bill of exceptions, and found the same to be, in all things, correct ; we stipulate that the same be, and is hereby settled without presentation to the court. Dated December 23, 1856.

" J. WELLING, <em>Dist. Atty., Wayne county.</em>
" WILLIAM CLARK, <em>of counsel for defendant.</em>"

The bill of exceptions was soon afterwards presented to, and signed and sealed by the two associate justices of the court of sessions, who, with the county judge, composed the court at which the trial was had. Mr. Welling's term of office of district attorney, expired on the last day of December, 1856, and on the first day of January, 1857, Mr. J. Harrison became, and has continued up to this time, the district attorney of said county. When the bill of exceptions was presented to the county judge to be signed and sealed by him, he declined doing so, and indorsed thereon a certificate or statement in writing as follows :

" Having been applied to, to sign the within bill of exceptions, and also to sign the above certificate, I have declined to do so, for the reason, the charge to the jury is not correctly set out in the bill, and I decline to sign it without the correction." The certificate referred to was to the effect, that the bill of exceptions had been examined, and that it was expedient to take the judgment of the supreme court thereon.

On the 3d day of February, 1857, a justice of the supreme court, made and indorsed on the bill of exceptions a certificate to the same effect as that last referred to, and the bill of exceptions with the said certificate, was filed with the county clerk of Wayne county ; and Mr. Harrison was as such dis-

trict attorney, requested to sue out a writ of 'certiorari to re-move the case into the supreme court. Afterwards, and in February 1857, said district attorney served on the relator's counsel a notice of a motion to be made in the court of sessions on the 3d Tuesday of February, 1857, for an order amending said bill of exceptions by incorporating therein the charge of the county judge as delivered to the jury, and for the re-settlement and re-signing of the bill, on the ground that the rulings of the court, and the charge to the jury, were incorrectly stated in the bill, and for such other or further order as to the court should seem proper.

The notice stated that the motion would be made upon the bill of exceptions as filed, and on the minutes of the court kept on the trial; no papers or copies of papers accompanied the service of•the notice, nor were any served at any time as the basis of the motion. On the 3d Tuesday of February, 1857, the motion was made by the district attorney, pursuant to such notice, when the relator's counsel objected to the hearing of the motion, on the ground that no papers had been served as a basis of the motion. The court decided to hear the motion, whereupon the relator's counsel objected to the granting of the motion, on the ground that the bill of exceptions was not shown to be incorrect, and on the further ground that the court of sessions had no power to alter, amend, re-settle or interfere with the bill of exceptions. The district attorney, on making the motion, did not read any affidavit or offer any proof to show that the bill of exceptions was incorrect in any particular. The relator's counsel, on the hearing of the motion, read affidavits of four persons tending to show the accuracy of the bill as settled. The court of sessions thereupon, after hearing the district attorney and the counsel for the relator, made an order that the motion be granted, and that the district attorney serve a copy of the amendments proposed to the bill of exceptions on the relator's counsel, with ten days' notice of settlement, the bill to be settled at the then next term of the court of sessions.

At the term of said court, held in May, 1857, the relator's

The People ex rel. McDonald agt. Court of Sessions of Wayne County.

counsel moved to vacate said last-mentioned order, which motion was denied.

At a special term of the supreme court, held in the county of Wayne, in July, 1857, an order was granted, that the said court of sessions show cause at this term why a writ of mandamus should not issue, commanding said court to vacate and annul said order directing the re-settlement of the said bill of exceptions.

The counsel for the relator now moves that the order to show cause be made absolute, and that a writ of mandamus issue accordingly. In opposition to the motion, the affidavit of the county judge is presented, showing that he delivered the charge to the jury on the trial of the indictment, by reading the same from his minutes, said charge having been written out by him, while the counsel were summing up the cause to the jury. Annexed to this affidavit is a paper which the affidavit states to be a true copy of all the material parts of the charge as delivered to the jury on the trial of said indictment, which, on examination, is found to differ essentially from the charge as contained in the bill of exceptions.

WILLIAM CLARK, *for the relator.*
J. HARRISON, *Dist. Atty., &c., for the defendants.*

WELLES, Justice. The first question to be considered, is, whether the court of sessions had the power to order a re-settlement of the bill of exceptions. Such power is denied by the counsel for the relator. The Revised Statutes provide that on the trial of any indictment, exceptions to any decision of the court may be taken by the defendant in the same cases and manner provided by law in civil cases ; and a bill thereof shall be settled, signed and sealed, and shall be filed with the clerk of the court, and returned upon a writ of error as authorized in personal actions, or upon a *certiorari* as thereinafter provided, and the same proceedings may be had to compel the signing and sealing of such bill, and the return thereof. (2 *R. S.* 736, § 21.) The provisions in relation to civil

390          NEW-YORK PRACTICE REPORTS.

The People ex rel. McDonald agt. Court of Sessions of Wayne County.

cases, are to be found in 2 *R. S.* 422, 423, §§ 73 to 81 inclusive; among other things, it is there provided that the exceptions must be made at the time the decision complained of is made, or if the exception is to the judge's charge, it must be made before the jury shall have delivered their verdict; that the exceptions shall be in writing, but the court may allow a reasonable time to settle and reduce the same to form. "If the truth of the case be fairly stated in the exceptions, it is the duty of the person or persons composing the court, or a major part of those who were present when the decision complained of was made, to sign and seal such statement. It is contended on the part of the relator, that as the bill of exceptions was, on the 23d day of December, 1856, settled and agreed upon by the relator's counsel and Mr. Welling, who was then the district attorney, and afterwards duly signed by a majority of the members of the court, and filed with the clerk, the matter had passed beyond the power or control of the court, who had no right to interfere and order the re-settlement. To this, however, I cannot assent; I am not willing to sanction the doctrine that the court of sessions are destitute of the power in question. The bill of exceptions remained in the court where the trial was had, to which it related, in the immediate custody of the clerk, their officer, and had not passed beyond their control. If it had been sent to the supreme court as part of the return to a *certiorari*, that court would have had the power upon application, to send it back to the sessions for correction and amendment, and by parity of reasoning, the sessions would necessarily have the power of correction and amendment, before they had sent it to the supreme court. The supreme court would not order the amendment, but would, upon a proper case being presented, remove the obstacle in the way of the sessions doing it, by remitting it back for them to exercise their discretion upon the question. While it remains with the sessions, no such exercise of power by the supreme court is necessary. The power in question is inherent in the court, as a necessary attribute for the dispensation of justice. If it were not so, there would be presented a melancholy defect

The People ex rel. McDonald agt. Court of Sessions of Wayne County.

in our system of jurisprudence, both civil and criminal. Suppose the case of a bill of exceptions, regularly settled, signed and filed in a capital case, and it should be afterwards discovered, that an exception duly taken at the trial, which would be conclusive in favor of the defendant, had been inadvertently or for any other cause, omitted in the bill. If the doctrine contended for is to prevail, there would be no remedy for the defendant, who, it might be, would forfeit his life as the consequence. Such a case is supposable, and although a strong one, serves to illustrate the fallacy of the position assumed by the counsel for the relator. If the power in question may be exercised in favor of a defendant, no good reason exists, why it may not be exercised against him, where the justice of the case demands it.

Another position taken in behalf of the relator, is, that admitting the existence of the power in the abstract, yet, in this case, it was irregularly and arbitrarily exercised; that the order for re-settling the bill of exceptions was made without any evidence before the court to justify it; and that the evidence produced by the relator on the motion, showed clearly that the bill of exceptions had been fairly and truly settled.

The notice by the district attorney, of the application for the order, stated that such application would be founded upon the bill of exceptions on file, and the minutes of the court kept on the trial. The affidavit of the relator's counsel, states, in substance, among other things, that no paper was read or produced by the district attorney on the motion, or any evidence furnished by him, tending to impeach the accuracy, regularity or truthfulness of the bill of exceptions as settled, and that as such counsel he objected to the order for re-settlement, on that, among other grounds. This statement is not denied on the part of the court of sessions. It is claimed, however, that the court was in possession of evidence showing the incorrectness of the bill of exceptions, viz: the minutes kept on the trial by the county judge, in which the charge of the court, as delivered to the jury, was drawn out at full length, which differs materially from the charge stated in the

bill of exceptions as settled; and this is supported by the affidavit of the county judge read in opposition to the present motion. The objection that this evidence, or copies of papers containing it, was not served upon the relator or his counsel, before the motion for re-settlement was made, or read in opposition to the motion, should not be entertained on this motion, unless it is made to appear that some legal vested right of the relator has been denied or violated by reason of the omission complained of. In the case of *The People ex rel. Oebricks* agt. *The Superior Court of the city of New-York*, (5 *Wend. R.* 114,) SUTHERLAND, J., in delivering the opinion of the court on the subject of the powers and duties of the court on mandamus, amongst other things, says: " We will not interfere with that portion of the practice of inferior courts, which does not depend upon established principles, or is not regulated by fixed rules. We will not compel them to open, or prohibit them from opening a default upon the usual terms, as a general rule; because applications are founded upon special circumstances, which may impress different individuals very differently. There is no fixed standard by which we can say the inferior court has erred. We may think so, but that is not sufficient.

" But if an inferior court should deny to a party the benefit of an established general rule of practice, not depending at all upon circumstances, I apprehend we should interfere. * * * Although it might rest entirely in their discretion whether they would retain the rule or not, still, as long as it was retained, it would be binding upon them. It conferred legal rights upon their suitors which they had no power to withhold from them. They would have parted with their discretion, and substituted in its place a clear and well defined rule; and the usage of courts may confer rights upon parties, and impose obligations upon themselves as sacred and imperative as written rules. The only difference is in the evidence of their existence. No court has the right, arbitrarily, to change its established course of proceedings in relation to a particular case."

The People ex rel. McDonald agt. Court of Sessions of Wayne County.

The foregoing extract contains a clear and correct exposition and illustration of the law touching the powers and duties of the supreme court to be exercised through the writ of mandamus, in regard to the proceedings of inferior courts; and while I concur in the views of the learned justice as above expressed, it is proper to say that in my judgment it carries the power of the court to its utmost verge. Judging the present case by the principles thus enunciated, I cannot entertain a doubt that it is one in which this court ought not to interfere with the action of the sessions in the present state of the proceedings before them. The court of sessions have no established positive rules of practice to govern them. They are not necessarily governed by the rules which have been established to regulate proceedings in civil actions in the supreme or any other court. For example, they are not bound to require of a defendant or district attorney, to give eight days' notice of a motion as in the supreme court. It is the constant practice of the courts of oyer and terminer, and courts of sessions, to entertain motions of every description, and to proceed to the trials of indictments without any notice whatever. There are, doubtless, cases, where a notice would be eminently proper, and where it would be the duty of the court to require that the party should have reasonable notice, and where, by reason of the court neglecting such duty, the party would be deprived of a clear legal right, and in which it might be the duty of this court to interfere by mandamus.

In the case at bar, the relator has not, as yet, been deprived of any right. It certainly is not his right to retain the bill of exceptions, unless *the truth of the case be fairly stated* in it. The order complained of does not settle the bill in any way. It merely orders it re-settled. It must be settled so that the truth of the case be fairly stated. It should contain so much of the evidence as to present the rulings of the court to which the exceptions relate. If this shall be done upon the re-settlement, and the rulings, charge of the court to the jury, and the exceptions thereto, shall be truly stated, the relator will be deprived of no right. It will be time enough for him to complain when

the bill of exceptions is so re-settled as to fail in fairly stating the truth of the case.

It is contended that the settlement already had, followed by the signing and sealing by a majority of the court of sessions with the assent of the then district attorney, through whom alone the people could be heard, together with the affidavits read in opposition to the motion for re-settlement, establish a clear right in the relator to have the trial reviewed upon the exceptions as so settled. There is reason to believe that the two justices of the court of sessions who signed the bill, were influenced to do so mainly by the stipulation of the district attorney, and the defendant's counsel. It would be natural, under such circumstances, for them to do so, without looking carefully into the contents of the bill. Such is the general, though not the invariable practice of the justices of the supreme court in civil actions under similar circumstances; and in this case the district attorney who subscribed the stipulation as well as the relator's counsel, undoubtedly believed it substantially correct; and in denying the present motion, I am not to be understood as deciding the question whether the bill of exceptions was properly settled or not. That is a question to be determined by the court of sessions upon the re-settlement. If it were necessary now to consider that question, it might be said with great propriety, that it does not appear that any one, excepting the county judge, took minutes of the trial during the time the same progressed; that it is shown that the charge of the court to the jury, was written out at length by the county judge upon his minutes, while the defendant's counsel was summing up the case to the jury, which charge was materially different from that inserted in the bill of exceptions as the charge of the court; that the affidavits in support of the accuracy of the bill of exceptions as settled, were all made in February, 1857, some five months after the trial, and the facts they contain are stated from recollection; and that upon the question of what the charge in fact was, the minutes made at the time by the judge who delivered it, is far more reliable than affidavits thus made. The

fact that the record of the charge upon the minutes of the county judge was not read upon the motion to re-settle the bill of exceptions, constitutes no sufficient ground for the present motion. The fact was necessarily before the court in their minutes of the trial, and in my judgment, it was entirely proper for them to refer to their minutes for the purpose of seeing whether the truth of the case had been fairly stated.

For the foregoing reasons, the motion for a mandamus is denied, and the order to show cause, discharged.