# SUPREME COURT

OF THE

# STATE OF NEW YORK.

---

## FIRST JUDICIAL DEPARTMENT.

GENERAL TERM, MAY, 1874.

---

### MATTER OF TWEED V. DAVIS.

*Bill of exceptions — settlement of, not compelled by mandamus — Jurors — challenge of.*

A mandamus will not be ordered to compel a justice to settle a bill of exceptions, in a particular manner, where there is a dispute as to the incidents of the trial. His determination as to what occurred upon the trial is conclusive on such an application.

On the trial of an indictment, the court was asked by the defendant, at the conclusion of the evidence, to charge a number of propositions presented. The instructions given to the jury were different, in several particulars, from the propositions presented by the defendant. As the jury was about to retire, the defendant excepted " to each refusal, modification or departure, which had been made in the charge from the propositions submitted." *Held*, that the defendant was not entitled to have inserted in a bill of exceptions specific exceptions to what he deemed refusals, modifications or departures from the requested instructions.

The justice who presided on the trial of an indictment, excluded from the bill of exceptions, at the time of settlement, the reasons assigned by him at the trial for some of the decisions made thereon. *Held*, no error.

A juror was challenged for principal cause by the defendant, which challenge was overruled. A challenge to the favor was then made and withdrawn.

Afterward the prosecution challenged the juror to the favor, which was sustained, and the juror was excluded. *Held*, that the proceedings prior to the last challenge were properly rejected from the bill of exceptions.

MOTION by William M. Tweed, for a writ of peremptory mandamus against Noah Davis, one of the justices of the Supreme Court, and who presided at the trial of the indictment of the People against Tweed, requiring him to settle the bill of exceptions taken on said trial, as proposed by the applicant.

*John Graham, William Fullerton, W. O. Bartlett, Elihu Root* and *Willard Bartlett,* for the motion.

*B. K. Phelps,* district attorney, and *W. H. Peckham,* opposed.

DANIELS, J.   The applicant was tried and convicted in the court of oyer and terminer, held in the city of New York, upon an indictment charging him with various misdemeanors committed in an official capacity.   Exceptions were taken during the trial to decisions made in the course of it by the learned justice at the time presiding in the court, and these exceptions are intended to be relied upon in support of an application designed to be made for a reversal of the conviction.   Upon such an application objections of a legal character can alone be considered.   For that reason the evidence at large is not required to be presented to the court; neither should it be under the well-established rules of practice relating to this subject.   All that is proper in such an instrument is a concise statement of facts presenting the points intended to be relied upon as grounds of error, or simply so much of the evidence as may appear to be requisite for the same purpose.   That is all that the rights of the defendant, or a proper administration of the laws, can possibly require; and what is added beyond that only tends to embarrass and confuse the points to be presented by withdrawing or diverting the attention of the court from their consideration.   It is a mistake to suppose that the excess can do no harm, when its separation from what may be really important for the decision of the case requires the consumption of time that ought to be bestowed upon the substantial points in controversy.   Cases are frequently, as well as needlessly, made so exceedingly voluminous as to render the duty of sifting out the important from the unimportant matters contained in them one of a laborious and exhausting character.

This is not only unnecessarily expensive to the parties, but, beyond that, injurious to their interests, as well as unjust and burdensome to the courts required to examine them. In order to avoid sanctioning such improprieties in practice, it becomes necessary, whenever an application of this nature is made, to examine the matters proposed to be added to the bill for the purpose of determining whether they actually transpired, and, if they did, whether they are proper and appropriate for the support of any legal points arising upon the trial. It is not intended to be affirmed that the court can enter upon the solution of the inquiry whether a particular occurrence transpired upon the trial which the presiding justice may have rejected as forming no part of the proceeding, for that is necessarily within the province of the justice settling the case or bill. He must decide from the evidence before him whether disputed evidence was given or contested exceptions were taken; and for that purpose he may hear and consider the affidavits of the parties and their counsel, inspect their notes, as well as his own, and consult his own recollection, as well as other accessible means of information, for the purpose of settling the controversy between the parties concerning what may have actually taken place. Beyond that it does not seem practicable to extend the investigation. Otherwise there would be danger of protracting the litigation indefinitely, resulting from a single controversy; for, if the fact could be tried by way of mandamus, when disputed, whether a particular exception was taken or certain evidence was given during the progress of a trial had in a court of record, it could only be done under the constitution and statutes of this State, as other disputed facts are tried, and that is by jury. 2 R. S. 586, §§ 55, 56. That would afford an opportunity for the extension of litigation that has never yet been sanctioned. A persistent adversary, aided by ingenious and persevering counsel, might, in that way, prevent parties from ever reaching the final end of a legal controversy, for, if such a proceeding could be taken to ascertain what occurred upon the first trial, the same thing might be done as to the second, or any succeeding trial, until the proceeding might be rendered endless in its character. The peace of the community, as well as the interests of parties, require that no such device as that for the prolongation of litigation should be allowed or tolerated. A remedy like that would prove more disastrous than any of the misapprehensions or mistakes it could be used to correct, and it would be liable to involve the

judges of courts of record in legal controversies concerning their own judicial duties, on the application of disappointed or malignant suitors, to such an extent as seriously to impair, if not altogether destroy, their usefulness. It has no sanction from authority, but beyond that, it is in direct conflict with the conclusion maintained by well-considered, as well as long-sustained expositions of the law, exempting judges of courts of record from actions against them on account of their judicial action. In *Garnett* v. *Farrand,* 6 Barn. & Cres. 611, Lord TENTERDEN declared it to be "a general rule of very great antiquity, that no action will lie against a judge of record for any matter done by him in the exercise of his judicial functions," and "this freedom from action and question, at the suit of an individual, is given by the law to the judges, not so much for their own sake as for the sake of the public, and for the advancement of justice, that, being free from actions, they may be free in thought and independent in judgment, as all who are to administer justice ought to be." Id. 625. The same principle was just as broadly asserted by Chief Justice DE GREY in *Miller* v. *Seare,* 2 W. Bl. 1145, and by Chief Justice KENT in *Yates* v. *Lansing,* 5 Johns. 282; *Weaver* v. *Devendorf,* 3 Denio, 117; *Vose* v. *Willard,* 47 Barb. 320.

What transpired upon the trial must therefore be ascertained from what the justice presiding finds to be the truth. His determination after hearing the parties is judicial, and must be conclusive upon the court in the disposition of an application like the present one. It cannot be required to enter upon the investigation of a disputed question of fact, but simply to ascertain what are the undisputed or conceded facts, and after determining them, to conclude whether the bill of exceptions should properly contain a statement of them, and in doing so this court can neither enlarge nor restrict them. Its simple office is to decide whether any point presented by the party making the bill requires them to be embodied in it for its proper consideration and decision.

The most important respect in which the bill of exceptions, in the present case, is claimed to be defective, relates to the charge of the learned justice to the jury. A very large number of written propositions were presented at the conclusion of the evidence, which the court was asked by the defendant's counsel to instruct the jury to be the law. In many of these the court differed from the defendant's counsel in the charge which was given to the jury, and as that was concluded, and the jury was about to retire for the pur-

pose of entering upon their deliberations, the defendant's counsel stated that they excepted for the defendant to each refusal, modification, or departure, which had been made in the charge from the propositions submitted. This was the substance of the action of the defendant's counsel upon this subject, though not, perhaps, expressed in the terms employed by them. No attempt was made to except to particular propositions contained in the charge, and relied upon as erroneous, as is usually done upon such occasions. Neither was it pointed out in what respect, or to what extent, the court had refused to charge the defendant's propositions, or where they had been modified or departed from. To determine where that was the case would, in many instances, undoubtedly prove an exceedingly difficult matter, for what one person would consider to be a modification or departure would be regarded by others as presenting no shade even of difference.

The defendant's counsel, in making their proposed bill of exceptions, have added a specific exception to what they deem refusals, modifications or departures regarding their propositions. But whether they are correct in these positions or not, this court has no means from which it can determine. It is certain, however, from the papers presented in support of this application, that the specific exceptions, as they are now proposed to be added, were not taken by the defendant's counsel upon the trial, and that would be reason enough for excluding them from the bill. Indeed, very great injustice to the public interests might be done by adopting any other course ; for if specific exceptions are now allowed to be stated to whatever may be claimed to be refusals, modifications or departures in the charge, points may be presented upon the argument of the case which might have been explained, changed, or altogether withdrawn, if they had been at the time brought to the attention of the court. One object of requiring the proposition excepted to to be stated at the trial, and in the presence of the jury, is to afford an opportunity for such corrections. If the correction is refused, then a distinct subject of exception is at once presented, concerning which misunderstanding will be rarely found to exist. But no such opportunity is afforded by so general an exception as was taken upon the trial of this defendant. It could hardly be otherwise than that differences of opinion would exist concerning its subdivision.

In the settlement of the bill of exceptions the court has disallowed the distribution proposed to be made of the exceptions, and this

court has no reason for holding that there is any thing improper in that conclusion. The exception has been allowed, just as it was presented at the close of the trial. This court cannot render it any more specific, without requiring the learned justice to insert in the bill what it is not even claimed really transpired. If it did so it would require it to contain what was not true, so far as this general exception would, by such a ruling, be changed into a multitude of specific exceptions, presenting as many distinct and separate propositions, many of which would probably have been explained or changed if attention had been directed to them before the jury retired.

The exception taken to what was said concerning the McBride Davidson bill, which was stricken out of the charge, appears to have been allowed to remain in the case, in another place. That is entirely sufficient for the purposes of the case. One statement of it is just as effectual as though it were repeated on every page. The justice was entirely right in limiting the exception to a single statement of it. He could do no less than that under the rule adopted by the court. That provides that: "Exceptions shall only contain so much of the evidence as may be necessary to present the questions of law upon which the same were taken on the trial, and it shall be the duty of the justice, upon settlement, to strike out all the evidence and other matters which shall not have been necessarily inserted." Rule 36 of Sup. Ct.

The principle established by the decisions of the courts is equally explicit. They hold that it is "not only unnecessary, but inconvenient to load a bill of exceptions with extraneous matters. Every thing is so, beyond what may be essential to present the naked point of law, which is the true office of a bill of exceptions." *Ex parte Jones*, 8 Cow. 123; *Denison* v. *Seymour*, 5 Wend. 103; *Price* v. *Powell*, 3 N. Y. 322.

Reasons assigned by the justice presiding at the trial for some of the decisions made were excluded from the bill at the time of its settlement, and that is relied upon as improper by way of supporting the present application, but as they formed no part of the propositions decided there was no impropriety in rejecting them. Legal points arising during the trial of either a civil or criminal case are reviewed upon the facts, or the evidence presenting them, and the exceptions by which they are reserved, and the reasons leading to them are altogether unimportant for that purpose. If

the decision be right, it will not be disturbed because unsound reasons may have produced it; neither will it be sustained when wrong, even though the best of reasons may have been given for making it. No harm was done the defendant by rejecting these reasons, as long as judgments are not reversed for error only shown in the opinion of the court. *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 522.

Two jurors, Owen C. Owens and James W. Hay, were called, and, after being examined, rejected as not impartial, and certain exceptions taken to decisions concerning them it is claimed should have been retained in the bill. The first juror was challenged for principal cause by the defendant's counsel. After an extended examination it was found to be unsustained, and for that reason overruled. To the decision overruling it the defendant's counsel excepted. He was then challenged to the favor by the same counsel, and after a further examination had been had for the purpose of sustaining it, that challenge was withdrawn. The prosecution then renewed the challenge for principal cause, which, after a further examination of the juror, was overruled. Then the same juror was challenged to the favor by the prosecution, and in support of the challenge it was made to appear that he was on friendly and familiar relations with Miller, who appeared to be a friend of the defendant. The court found this challenge sustained, and then rejected the juror because he was supposed to be biased in favor of the defendant, and the defendant's counsel excepted to the decision. This decision upon which the juror was rejected rendered those previously made concerning him entirely unimportant. *Freeman* v. *People*, 4 Denio, 9. It became immaterial whether the decisions made upon the other challenges were correct or erroneous. If the rights of the defendant were in any respect prejudiced by the disposition made of this juror the wrong was exclusively done by the last decision, which was dependent upon nothing but the evidence given in support of the last challenge made by the prosecution. That evidence, decision and exception were allowed to remain in the bill, while the evidence, decision and exception on the preceding challenges were excluded from it. This was certainly right, because all that was done concerning the juror prior to the last challenge to the favor, became inoperative and without the least effect, by his final rejection on that challenge. If the preceding proceedings concerning the juror had remained in the bill no advantage whatever could have been

derived from them by the defendant. For that reason it was the duty of the justice to reject them as he did, under the rule and authorities already mentioned.

The other juror, Hay, was first challenged for principal cause on the part of the defendant, and the challenge withdrawn after an examination of the juror. It was then renewed by the prosecution, and, after a further examination of the juror, overruled by the court. So far nothing transpired concerning this juror which the defendant could reasonably claim should become a portion of his bill, for his challenge had been voluntarily withdrawn, and as the decision made by the court was in favor of the juror's competency and against the prosecution, the defendant's counsel did not, and properly could not, except to it.

But after that decision was made the same juror was challenged to the favor by the prosecution; and after an examination made of the juror in support of that challenge, it appeared that he probably entertained an opinion on the subject of the defendant's guilt or innocence, and for that reason he was held incompetent, as not being impartial, by the court. The challenge to the favor was, in other words, found to be sustained, and the defendant's counsel excepted to that decision. The proceedings and decision upon this challenge were excluded from the case, and properly so, too, because the point which could be made upon them, if the decision was erroneous, is more clearly presented by the decision rejecting the preceding juror. The evidence concerning the partiality of this juror was much more decided and cogent than that given from which it was held that Owens was incompetent. For that reason, if the defendant's exception can be maintained as to the decision rejecting either one of these two jurors, that is more likely to be the case as to Owens than as to Hay. If the exception taken to the decision rejecting Owens cannot be sustained, then it is very clear that the exception taken as to Hay's rejection must fail, for much the stronger case was made against his impartiality. No injustice can possibly result, therefore, from the exclusion of the proceedings and evidence on which Hay was rejected. No good reason existed for retaining them in the bill as long as the point involved in them was retained and presented in a much more favorable shape for the defendant by what transpired under the challenge on which the other juror was set aside. An exception is never strengthened by its repetition upon the same substantial state of facts. A single

statement of it is as effectual as any number of repetitions by any possibility can be. As the last exception could not possibly aid the defendant's case, it was the duty of the justice to strike it out of the bill, with all the evidence relating to the decision to which it was taken. It was so much useless material, having no other effect than to incumber the bill as long as the same point designed to be presented by it had been preserved by the preceding exception.

This substantially disposes of the positions taken in support of the defendant's application against the learned justice before whom he was tried; and as none of them are found capable of being lawfully maintained, it follows that the motion for a mandamus must be denied.

BRADY, J. The rule established by the cases upon applications kindred to this is that a mandamus will be ordered commanding a judge to sign a bill of exceptions, but not to settle it in a particular manner when there is a dispute as to the incidents of the trial. The justice who presided must say whether or not an exception was taken and his return is controlling, at least until further proceedings. If the return is alleged to be false, the suggested remedy is by action. *People* v. *Judges of Washington*, 1 Caines, 511; *People* v. *Judges Westchester*, 2 Johns. Cas. 118; *Fish* v. *Weatherwax*, id. 215; *Sikes* v. *Ransom*, 6 Johns. 279; *People* v. *Sessions* (Wayne Co.), 15 How. Pr. 393; Tidd's Pr. 703; *Delavan* v. *Boardman*, 5 Wend. 132, but whether such a remedy in fact exists, *quere;* see *Weaver* v. *Devendorf*, 3 Denio, 120.

In England, according to Tidd, *supra,* if the alternative writ contain the surmise of an exception taken and overruled, the command is to sign the bill *quod si ita est* (if it be so); but if the judge returns *quod non ita est* (it is not so), an action lies at the instance of the aggrieved party. If he establish the falsity of the return, he recovers damages and the peremptory mandamus goes forth, because the jury have declared that the exception was taken.

In this State, in one case, it was said that a referee would be compelled by mandamus to settle a case, and to settle it correctly (*The People* v. *Baker*, 35 Barb. 105), but the writ was not issued owing to some informality in the proceedings. The decision was made at a special term, and is predicated of the cases in 1 Caines, 6 Johns. and 5 Wend., *supra;* but an examination of these cases shows that the proposition asserted is not warranted by them, and the

case stands alone. I have not found any case in which it has been declared that a mandamus would be issued against a judge commanding him to settle a bill of exception in a particular manner when as to the manner there was a dispute. There were no authorities to that effect cited on the argument. In this matter there is a dispute as to the correctness of the bill, as passed upon by the presiding justice in reference to exceptions, and he certifies that it is correct, although having directed it to be engrossed, it has not yet been presented for his signature. There seems to be a concession that an exception was taken to the exclusion of the juror Hayes upon a challenge to the favor, but the presiding justice certifies that he was excluded for mental incompetency, and it was so understood. Upon a careful examination, not only of the authorities, but of the application, I have arrived at the conclusion, for the reasons assigned, and those presented by Justices DANIELS and WESTBROOK, that the mandamus asked for should not be granted.

WESTBROOK, J. Fully concurring in the opinions expressed, and conclusions reached by my associates, I desire to add a word upon one or two questions presented by this application.

It is conceded that the counsel for Mr. Tweed did not, upon the trial, call the attention of the court to the portions of the charge to which they desired to except, but contented themselves with taking one general exception to each and every point of the charge which was inconsistent with, or contrary to, all, or any of the requests to charge. Under the exception thus taken, they claim the right to pick out such portions of the charge as they deem to be covered by the general exception, and present a specific exception to each. Should this application be granted, the bill of exceptions would not be true. It would then show separate and specific exceptions to various portions of the charge, when none were in fact taken in that form, and when it is conceded that only a single exception was taken, in fact, though intended by its language to cover several parts thereof.

As the office of the bill of exceptions is to present the exceptions taken, and no other or different, I do not see how the present motion can be granted without a departure from a fundamental rule. If, as is claimed by the counsel for Mr. Tweed, the exception, in the form it was taken, is unreasonable, I do not see how it is in the power of this court to relieve them without a substitu-

tion of exceptions, never taken upon the trial, for the ones actually presented. This would be so clear a departure from precedent and from truth as to be unwarrantable. Again, if the exception, in the form it was taken, be available, it ought not to be within the power of the court before which the cause was tried, nor of this court, to limit the effect of the exception by selecting the portions of the charge to which it is applicable. The court of review should be allowed to determine the scope and effect of the exception presented without being limited and controlled in its judgment by the decision of any subordinate tribunal.

In regard to the proceedings had upon the rejection of the jurors, Owens and Hay, it may not be improper to say that in my judgment there would have been no error if every thing in regard to those challenges had been omitted. Both of these jurors were found to be incompetent, and as long as the defendant was tried by twelve others who were competent, we do not see that the rejection of these two, conceding their competency, could have in any way prejudiced him. A different question would be presented if an incompetent juror had been pronounced competent. In that event it could readily be seen that the rights of the defendant to a trial by an impartial jury had been infringed, but when twelve unbiased men have rendered a verdict it is impossible to say that the exclusion of others, equally competent, but no more so, has produced any injury. This point was expressly adjudged in the third department, in the case of Burk and others, plaintiffs in error, against The People, defendants in error; and in the opinion of POTTER, J., delivered in that case upon this point, I fully concur.

*Mandamus denied.*