### DELAVAN *vs.* BOARDMAN & WHITE.

A *mandamus* lies to a circuit judge to seal a bill of exceptions; but the practice is on complaint that a bill is erroneously settled, in the first instance to refer it back to the judge, to give him an opportunity to review it.

Nov. 18th.

I. HAMILTON moved for a mandamus to a circuit judge, that he restore to a bill of exceptions as prepared by the attorney for the defendants, certain parts of the evidence given on the trial, and certain parts of his charge to the jury, stricken out by him on amendments proposed by the plaintiff's attorney; and that he affix his seal to the bill thus corrected. The correctness of the bill as originally prepared was fully supported by the affidavits of the counsel for the defendants, of most of the jurors who were impannelled in the cause, and of several by-standers; which affidavits were not materially controverted on the part of the plaintiff.

*J. King,* for the plaintiff.

*By the Court,* SAVAGE, C. J. The practice of the court in cases like the present is in the first instance to refer back the bill of exceptions or case to the judge who has settled it, that he may have an opportunity to review it. Take a rule accordingly.*

---

* That the court possess the power of granting a *mandamus* in a case like the present, was determined in *Sikes* v. *Ransom,* 6 *Johns. R.* 279, on an application for such writ to a *court of common pleas,* to amend a bill of exceptions

---

according to the truth of the case. In *Thurston* v. *Slatford,* 3 *Salk.* 155, it was held that a bill of exceptions would lie at a trial at *bar* as well as at *nisi prius,* for it is said the words of the statute are, that the *justices* shall sign it, which word *justices* being in the plural number, cannot be well understood of any other justices than those of the courts at *Westminster.* So that it seems that this writ might have issued to this court before trials at bar were abolished, and may now issue to either of its judges when holding a circuit; and if so, there can be no doubt that it may properly be directed to a circuit judge. The form of the writ is to be found in the *Register,* 182, *a*; it is called a mandatory writ, "a sort of prerogative writ;" it is always in the alternative *quod si ita est* to seal the bill of exceptions; and if it be returned *quod non ita est,* it is sufficient, and the party is put to his action for a false return. In *Sikes* v. *Ransom,* it appears to be admitted that the practice in England had been for the writ to issue from chancery; but it is said there is no reason why the awarding of this particular writ does not fall within the jurisdiction of this court, or why it should be exclusively confined to the court of chancery.