Johnson, J.
 

 A motion has been made to dismiss the appeal in this- cause, the decision of which turns upon the question
 
 *473
 
 whether the judgment roll in the action presents any question which can be reviewed in this court.
 

 The cause was tried in June, 1853, and resulted in a verdict for the plaintiff. The defendant took exceptions at the trial, which were ordered by the judge who presided at the trial to be heard in the first instance at general term. At the general term judgment was rendered for the plaintiff, and from this judgment the defendant has appealed. The judgment roll contains a paper entitled
 
 “
 
 case containing exceptions made by the defendant,” from an examination of which it appears that at the end of the plaintiff’s evidence the defendant moved for a nonsuit, and excepted to the judge’s decision denying that motion, and also that at the close of the evidence the defendant made several requests to the judge to charge the jury in a specific way, and excepted to the judge’s ruling upon those requests, or some of them.
 

 The 265th section of the code provides, in respect to jury trials, that when exceptions are taken, the judge trying the cause may at the trial direct them to be heard in the first instance at a general term, the judgment to be in the mean time suspended, and that in such cases the exceptions are to be heard at general term and judgment there given. The proceedings below seem to have been in exact accordance with the provisions of the code above mentioned, and, so far as the judgment is concerned, the case is regularly brought before us.
 

 The code, section 264, provides further in respect to jury trials as follows:
 
 “
 
 If an exception be taken, it may be reduced to writing at the time, or entered in the judge’s minutes, and afterwards settled as provided by the rules of the court, and then stated in writing in a case, or separately, with so much of the evidence as may be material to the questions to be raised, but need not be sealed or signed, nor need a bill of exceptions be made. If the exceptions be in the first instance stated in a case, and it be afterwards necessary to separate them, the separation may be made under the direction of the court or a judge thereof.” The provisions of this section absolutely dispense
 
 *474
 
 with signing and sealing exceptions, and as plainly declare that a bill of exceptions need not be made.
 

 Under the former practice if a paper containing exceptions, and the evidence and rulings of the court upon which the exceptions were founded, was upon the trial signed and sealed by the judge below, it was always regarded in the appellate courts as a bill of exceptions, although it lacked the formal commencement and conclusion technically appropriate to a bill of exceptions. It resulted from the nature of a bill of exceptions under the old practice, that no appellate court undertook to exclude any matters from the bill which the judge who signed it had thought proper to be inserted, even though many things contained in it might seem to the appellate court irrelevant to the questions of law presented. The bill was a history of the trial sufficiently full to present the points of law excepted to, with the evidence on which the points raised arose, certified by the signature and seal of the judge. The appellate courts of course disregarded all matters which were actually contained in the bill which did not relate to questions of law decided, and in theory the bill should never have contained any other matters. This position in respect to the proper mode of framing bills of exceptions was often reiterated by the appellate courts; but still, if the judge who settled the bill chose to insert in it matters irrelevant, there were no means by which the appellate court could interfere to correct the abuse. The same practice governed the courts in respect to cases made, with liberty reserved to turn them into bills of exceptions. The process of conversion was entirely under the control of the court below, and indeed all such cases came before the appellate courts in the form of bills of exceptions, and nothing would regularly appear upon the record to show that the bill had not been taken at the trial, or that a case had ever been made.
 

 The new provision, in § 264 as amended, confers upon us no new authority in respect to the form which a statement of exceptions shall take. It is true that the statute says they ar.e to be separated from the case, if they were Originally contained in a
 
 *475
 
 case, whenever such a separation is necessary, and that such a separation would seem to be necessary upon an appeal to a court which can only regard the legal questions presented; but still the question whether they are capable of being separated is a matter to be determined in the court below, if any where. If, in the first instance, the exceptions are stated in writing separately, according to the code, nothing in the statute in terms requires their authentication by the judge who tried the cause, or by the court below. We therefore are not authorized to require any such authentication in respect to them. If the exceptions are in ' the first instance stated in a case, an appeal to this court, which can only consider the legal questions presented, renders a separation necessary, if any legal proceeding can. There may undoubtedly be cases in which the same matters ought to appear, whether the object be to move the court below as upon a case, or as upon a bill of exceptions. In such cases, of course no separation would be possible, because by the supposition all the matters contained are material in either aspect. In all cases where matters are contained in a case containing exceptions, which are not necessary to present the legal questions arising upon the exceptions, a separation should take place, so that upon the appeal to this court the questions of law may be presented unincumbered by irrelevant matter. That this is the only correct course of practice, is plain. The precise question in this case is, whether we can enforce a compliance with these provisions of the statute, by dismissing the party’s appeal. Unless we possess this power, the provision of the statute cannot be enforced. The successful party in the court below cannot be required to apply there to have the exceptions separated from the case, because, until an appeal is perfected, the necessity for a separation does not appear, and the duty of procuring the separation to be made falls upon the party who wishes to avail himself of the exceptions upon the appeal. Nor can we effectually carry out the statute) by refusing to hear the cause until such separation has been made. That course would suspend the cause indefinitely, and in cases where the appeal was brought for delay,
 
 *476
 
 would operate to punish the party who is not in fault. We must therefore possess the power of dismissing the appeal, in order to make the provision in question effectual for the purpose which it was intended to answer.
 

 In those cases,'therefore, where the return to this court does not show that the exceptions pere stated separately according to the statute and not in a case, we must require that they shall appear upon the return to have been separated from the case under the direction of the court below, or of a judge thereof, or that the court below or a judge thereof has determined that in the particular case no separation was possible. As the practice under this provision of the code is new, and has not heretofore been settled, leave will be granted to appellants to procure a proper settlement or amendment in the courts below within some limited time, on pain of dismissal, unless they avail themselves of such leave. In the case in which this motion is made, it does appear that the exceptions were taken at the trial and directed to be heard in the first instance at general term. This proceeding is applicable only to exceptions stated separately and not in a case, and it therefore sufficiently appears in this case that the return is in proper form, and the motion to dismiss must be denied.
 

 Motion denied.
 

 END OF CASES DECIDED AT SEPTEMBER TERM.
 

 Nate.
 
 Rugóles, J., was prevented by siclsMKfcpm hearing the cases argued which were decided at the September term, and'Apeiefore took no part in their decision. X
 

 
 *477
 
 CASES ARGUED AND DETERMINED IN THE COURT OF APPEALS OP THE STATE OF NEW-YORK, DECEMBER TERM, 1854.