NEW-YORK PRACTICE REPORTS. 89.

People *ex rel.* The Argyle, &c., Co. agt. Commissioners of Highways, &c.

## SUPREME COURT.

THE PEOPLE *ex rel.* THE ARGYLE and FORT EDWARD PLANK ROAD COMPANY agt. THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF FORT EDWARD.

A *return* to an *alternative writ of mandamus* may either deny the facts stated in the writ on which the claim of the relator is founded, or may state other facts in law sufficient to defeat the relator's claim.

An objection that a writ of mandamus is not made returnable at *special term,* will not be allowed after the *return has been made.*

A return alleging that the law, under which the relief is claimed in the writ, is *unconstitutional* and *void,* is not a *fact,* but an averment of a principle of law, arising upon the face of the return. It must be stricken out.

Where a portion of a return to an alternative mandamus is alleged to be immaterial or argumentative, the remedy is not by demurrer, but by motion to strike out.

*Washington Special Term, Sept.,* 1854.

MOTION to strike out parts of the return to an alternative mandamus. So much of the return as it is necessary to state, will be found in the opinion of the court.

A. D. WAIT, *for relators.*

N. G. PARIS, *for defendants.*

C. L. ALLEN, Justice. I had been led to the conclusion that, under § 471 of the Code, all proceedings in relation to writs of mandamus, and the returns thereto, were excepted from the provisions of § 160 of the Code. But the case of *The People* agt. *Ransom* (2 *Com.* 496) decides, that if the return contains anything more than a full answer to the mandamus, it may be rejected as surplusage, or struck out on motion. The motion under that decision is, therefore, properly made.

If the defendants make a return to the alternative writ, they may either deny the facts stated in the writ on which the claim of the relator is founded, or they may state other facts in law sufficient to defeat the relator's claim. (*People* agt. *Supervisors of Fulton,* 16 *Barb.* 52; 8 *How.* 358.)

Objection was taken, on the argument, to the form of the writ—that it should have been made returnable at a special term of the court. This was so decided in the case of *The People* agt. *Supervisors of Greene,* (12 *Barbour.* 217.) But the defendants have chosen to make a return, and place it on the files of the court, without interposing that objection, or moving to set aside or quash the writ. I think they are too late in making the objection after the return; and that, at all events, an amendment may be made, if desired, making the writ returnable at special term. (*Code,* § 173.)

1. The first part of the return, which the relators ask to have stricken out, is the allegation that the law under which the relief is claimed is unconstitutional and void. This is not a *fact,* but an *argument,* or an *averment* of a principle of law arising upon the face of the writ, or the return. It is improper, and must be stricken out.

2. I think the second portion of the return, proposed to be stricken out, is immaterial, and part of it is argumentative.

If the relators were entitled to the relief which they claim, at the time the application was made, the defendants could not deprive them of that right by any subsequent act; nor would such subsequent act excuse them from the performance of their duty. It is a question yet to be determined, whether the act of assessing all the property in the proper road districts, as set up in the return, and which the defendants had done in the performance of their duty, did not place it beyond their power to comply with the terms of the application, even if they were bound to accede to them. It must appear that defendants yet have it in their power to perform the duty required of them: for if they have not such power, the court will refuse the writ as vain and fruitless. (*The People* agt. *Supervisors of Greene,* 52 *Barb.* 217; *and see* 16 *Barb.* 52; 15 *id.* 607.)

On these important questions, I pass no opinion at this time. But the portion of the return which I am now examining, will afford the court no aid in arriving at a conclusion upon them. It must be stricken out.

3. For similar reasons the third portion of the return, ob-

jected to, must also be stricken out. It is immaterial that the stock is mostly owned by persons residing in Argyle. The detail of a conversation with Pratt, the applicant, is a statement of the evidence which may be relied on in support of some fact, and is improperly put into the return. So the statement of the amount of tolls received, and of the cost of the road, is immaterial.

The latter part seems to be the brief and argument of the defendants, and which will be more properly set out in the points, to be handed to the court hereafter, than in the return.

The motion must be granted; but, as the practice has been somewhat unsettled,—I having decided myself in a recent case, and before I saw the decision in 2 *Comstock*, that the only remedy was by demurrer, or plea,—I shall let $10 costs of the motion abide the event.

Order accordingly.