35 105
135a 533
35b 105
20ap 9

## THE PEOPLE, *ex rel.* ————, *vs.* BAKER.

As respects judicial duties, the writ of mandamus merely commands the court or officers to proceed, without directing in what manner the duty shall be executed.

A referee may be compelled by mandamus to settle a case and exceptions, and to settle it correctly. But before the writ will be issued to compel the settlement in a particular way, it must be made to appear that when so settled it will be according to the facts.

The return to a writ of mandamus must be good, tested by the ordinary rules of pleading, both in form and substance. It should state facts, and not evidence, and should be certain to a common intent. The relator may demur or plead to all or any of the material facts contained therein.

If a demurrer is interposed, the question will be upon the sufficiency of the pleadings, the same as in an ordinary action, and the party who commits the first error in matter of substance must fail.

A writ of mandamus will be deemed substantially defective if it demands too much. It must show facts sufficient to entitle the relator to the relief which he claims; and must show his right to all he claims, without referring to the affidavit on which the writ was applied for.

A mandamus directing a referee to settle a case and exceptions should contain appropriate recitals from which it will be seen that the case and exceptions,

when settled according to the requirements of the writ, will give a true his-
tory of the trial; especially in the particulars therein specified.

The court will not command the case to be falsely settled, but only according
to the truth.

Where a writ of mandamus commands the defendant to settle a case and ex-
ceptions by disallowing certain words and sentences, and allowing others,
but contains nothing showing that the case, thus settled, would truly detail
the events of the trial, it will be held to be radically defective.

A defect of that character is not a mere defect in form. There is an omission
of a substantial statement or recital essential to the relator's title to the re-
lief claimed.

If the relator demands that a case and exceptions be settled in a particular
way, without showing any right to have them so settled, the writ will be
held defective, in substance.

Where the defendant avers, in his return to the writ, that he has duly and
truly settled the case, according to the truth, and that to settle it in the
manner required by the writ would be contrary to the truth, this will be
held to be a full and perfect answer.

Matters arising *pendente lite* on a proceeding by mandamus, may be set up by
the parties by answer or plea.

*It seems* a writ of mandamus may be amended after return, and demurrer
thereto.

DEMURRER to a part of the defendant's return to an
alternative writ of mandamus, and demurrer by the de-
fendant to the plea of the relator to the residue of such
return. The facts, and the proceedings which were had pre-
vious to the issuing of the writ, are stated in the opinion of
the court.

*H. C. Adams,* for the relator.

*Mr. Baker,* defendant, in person.

BOCKES, J. This case comes before me upon two demur-
rers—one by the relator to a part of the defendant's return
to the alternative writ of mandamus issued to him; the other
by the defendant to the plea of the relator to the remaining
part of such return.

A history of the proceedings, prior to the issuing of the

alternative writ, is necessary to an understanding of the legal questions presented by the demurrers.

The relator commenced an action in assumpsit, against the F. P. Bank, claiming to recover as assignee certain demands which were alleged to have been transferred to him. The cause was put at issue, and was referred to the defendant herein as sole referee, to hear and determine, by an order granted November 27th, 1855. The cause was brought to trial before the referee, who made and delivered his report, bearing date February 14th, 1859, whereby he awarded judgment against the bank and in favor of the relator for $78.10, with costs of the action. On this report judgment was entered April 20, 1859, for $155.03, damages and costs. The relator took exceptions to the report of the referee, and having appealed from the judgment, tendered a case and exceptions, to which amendments were proposed.

On the settlement of the case the referee allowed certain of the proposed amendments, (the relator objecting,) and thereupon the relator moved the court for a writ of mandamus, to be directed to the referee, (present defendant,) to compel him to disallow such proposed amendments, to the allowance of which he had objected. An alternative writ was awarded him by an *ex parte* order, granted July 13, 1859, and thereupon the writ, now before me issued, tested the second Tuesday of July.

To this writ the defendant made return, whereby, after admitting the pendency of the action in which the relator was plaintiff and the F. P. Bank was defendant, and that he was duly appointed sole referee therein, he set forth in detail all the proceedings had before him, making exhibit of all papers used on the trial, with the several objections interposed by the parties during the trial, with his rulings thereon, and also his report and direction for judgment. 2d. He stated that the case and exceptions were submitted to him for settlement, by the parties, on the 7th of June, 1859. 3d. That on the 21st June, 1859, upon due consideration and careful examin-

ation, he settled it, as he deemed, according to the truth of the facts of the case, as the same took place on the trial before him, and as in his return set forth; except that he (on such settlement) disallowed the 1st, 2d and 4th paragraphs of the 44th proposed amendment, whereas the same should have been allowed by him. 4th. That on the 22d June, 1859, he delivered to the plaintiff the case and proposed amendments with his certificate of settlement, and also all the papers and records submitted to him, and that the same had never been returned to him, and for that reason he could not make the case, amendments and certificate of settlement a part of his return; and further, that if it should be necessary, the relator be required to furnish them. 5th. That he had duly and truly settled the said case according to the truth, and that to settle the said case in the manner required by said writ would be contrary to the truth of the facts of the case. 6th. That he delivered the case, proposed amendments and certificate of settlement to the relator to be engrossed, and that the relator agreed to return the same for his signature, and that the relator had not returned the case engrossed or settled, or requested him to sign the same, and he denied that he had refused to settle or sign it, and averred that he had duly settled the same. 7th. That the case was abandoned by reason of the relator's neglect to file the same as settled according to the rules and practice of the court, and that an order to that effect had been duly entered.

To this return of the defendant, the relator interposed a demurrer and plea—a demurrer to those parts which he denominates the first twenty-six counts of the return, and a plea to the last part, whereby the defendant sets up in answer to the writ, that the case was abandoned, and which last part he denominates the twenty-seventh count of the return.

I understand the demurrer was intended to cover the entire answer or return to the writ, except that part to which the plea is interposed. This may not appear very clearly, as the

demurrer lacks precision in regard to the portions of the return therein designated as counts.

The plea set up that the order declaring the case abandoned was thereafter, and on the 24th October, vacated; and to this plea the defendant demurs for insufficiency. So the entire case is now before the court on demurrer.

The writ of mandamus issues when some legal right has been refused, and there is no other appropriate and adequate remedy. It extends.to all inferior courts, tribunals and officers, executive, ministerial and judicial.

As to judicial duties, it merely commands the court or officer to proceed, without directing the manner in which the duty shall be executed; but in other cases it directs the mode and manner, as well.

It has been held to be the proper remedy to compel the settlement of a case on bill of exceptions, (5 *Wend.* 132; 1 *Caines*, 511;) also to amend the same, (6 *John.* 279;) but according to the facts. So a referee may be compelled by mandamus to settle a case and exceptions, and to settle it correctly. But before the writ will be issued to compel the settlement in a particular way, it must be made to appear that it will then be according to the facts.

A proceeding by mandamus is in the nature of an action, the writ standing for and taking the place of the first pleading; and enough must appear on the face of the writ to justify the mandatory part.

If the writ be sufficient, and the defendant is unwilling to obey its directions, he must make return, in which he must show excuse for his disobedience. The return must be good, tested by the ordinary rules of pleading, both in form and substance, and stands as the second pleading in the action or proceeding. To the return, the relator may demur or plead to all or any of the material facts contained in the return; and in case a plea is interposed, the person making return may reply or demur thereto, and so on alternately, until the

The People *v.* Baker.

issue or issues between the parties are formed. (2 *R. S.* 586, § 55; 3 *id.* 898, *5th ed.*)

If a demurrer be interposed the question will be upon the sufficiency of the pleadings, the same as in an ordinary action, and the party must fail who commits the first error in matter of substance. So it was held in *The People* v. *Ransom,* (2 *Comst.* 490,) that an alternative mandamus was in the nature of a declaration, and must state a good title in substance—and that on demurrer to the return, the relator must fail, if his writ be substantially defective. (*See also* 14 *Barb.* 52; 10 *Wend.* 25; 32 *Barb.* 473.)

The writ will be deemed substantially defective, too, if it demands too much, (1 *Hill* 50, 55;) although it is suggested in this case that there may be exceptions to this rule.

It becomes necessary, therefore, first to determine the sufficiency of the writ. This, as has been seen, must show facts sufficient to entitle the relator to the relief which he claims; and he must show his right to all he claims.

Nor can reference be made to the affidavit on which the order was granted, in aid of the writ in this particular. (10 *Wend.* 25. 7 *id.* 474.) The defendant is required only to meet the case stated in the writ, by traversing the facts there recited or averred, or by admitting them and setting up new matter in avoidance.

The defendant in this case is commanded to settle and sign the case and exceptions in the writ mentioned, " with the 1st, 6th, 23d, 27th, 34th, and the 5th and 6th paragraphs of the 44th proposed amendments thereto, marked 'allowed' by the plaintiff therein, and with the following matters and things corrected in the former settlement of the same, to wit: 1st. By disallowing the 3d proposed amendment, proposing to insert after the word 'defendant,' in the 7th line, fol. 1, the figure '1st,' and allowing the words ' embraced in the judgment roll,' as stated in the said case and exceptions. '2d. By allowing' &c. and so on, specifying a great number of particulars in which words or sentences should be allowed

or disallowed; and finally, 'that immediately upon such settlement and signing of the case substantially as required by the writ, you deliver the same to the relator.' "

The question now is, whether a case is made by the writ showing the relator entitled to have the case and exceptions settled by the defendant, and in the way therein specified, and also signed and delivered to him.

The recitals in the writ are to be taken as averments on which the relator may predicate his right to the relief claimed. It recites the pendency of a suit in which the relator was plaintiff and the F. P. bank was defendant; that the action was referred to the defendant as sole referee to hear and decide it; that it was tried before him; that he made his report therein; that judgment was entered thereon; that he, the relator, took exceptions to such report, and appealed from the judgment entered thereon; that he made and served a case and exceptions, and tendered the same with the proposed amendments to the defendant, and requested him to settle and sign the same as proposed by the relator, with the amendments thereto allowed by him, the relator; that the defendant refused to sign, but allowed and made divers amendments thereto not proposed, to the relator's great wrong and injury.

On these recitals the right of the relator is made to depend. It will be readily observed that there is one important omission. The writ does not show that the corrections desired were in accordance with the facts as they occurred before the defendant on the trial. It should have contained appropriate recitals, from which it would be seen that the case and exceptions, when settled according to the requirements of the writ, would give a true history of the trial; especially in the particulars therein specified. The court will not command the case to be falsely settled, but according to the truth. So it will not direct a settlement in a particular way, until it be made to appear that it will then accord with the facts. If it had been recited that the defendant refused absolutely to set-

tle the case, this, in connection with the other recitals in this writ, would have authorized a mandamus requiring him to proceed and settle it; not however in any particular way. The writ in this case commands the defendant to settle the case and exceptions by disallowing certain words and sentences, and allowing others. Yet there is nothing in the writ, to which my examination must now be confined, showing that the case thus settled would truly detail the events of the trial. It was held in *The People* v. *Supervisors of Westchester*, (15 *Barb*. 607,) that the alternative writ should set forth, in a traversable form, the facts relied upon, entitling the relator to the relief sought, and that the affidavits upon which it was granted formed no part of the record. The writ is substantially defective in the particular above considered. It is not a mere defect in form. There is an omission of a substantial statement or recital, essential to the relator's title to the relief claimed.

The relator in this case demands more than the mere settlement of the case and exceptions. It appears from the writ, if not directly, certainly inferentially, that the defendant has already settled the case.

But the relator demands that it be settled in a particular way, without showing any right to have the settlement so made. The writ, in my judgment, is substantially defective in this regard.

It is also urged that it demands too much in this; that it not only requires the case and exceptions to be settled, and in a particular way, but also that it be signed and delivered to the relator.

It is quite true that, under the present practice, no signing or sealing is necessary, (1 *Kernan*, 480 ;) and it may be very doubtful whether, when settled, the case should not be, in strict practice, filed with the clerk, rather than be delivered to the party. But I shall rest my decision as to the sufficiency of the writ on the ground above discussed.

Under this view of the case, it is unnecessary to consider

either the return or the plea. It is plain, however, that the return is unjustifiably prolix, being principally made up of irrelevant and redundant matter. It is also quite informal. It would doubtless have been stricken out, in whole or in part, on motion. (2 *Comst.* 495, 6. 11 *How.* 89. 8 *id.* 358.) A return should be good in form and substance, tested by the ordinary rules of pleading. It should state facts, and not evidence, and should be certain to a common intent.

And while the party is at liberty to interpose several independent defenses, if consistent one with another, still the matters of defense should be so presented as to admit of single and distinct issues.

There is at least one part of the return which is good in substance—that whereby the defendant avers that he has duly and truly settled the case according to the truth; and that to settle it in the manner required by the writ, would be contrary to the truth of the facts of the case. If the writ be regarded as demanding only that the case and exceptions be settled, and that truly, then there is clearly a full and perfect answer.

But if the decision of the demurrer turned on the sufficiency and formality of the return, I should hesitate before giving it sanction in the form here interposed.

As regards that part of the return which sets up an abandonment of the case by the relator, the record stands thus: The alternative writ is tested the second Tuesday of July, 1859, returnable the second Tuesday of August then next; the answer avers that the case and exceptions were abandoned by an order entered on the 10th October following. The plea sets up that such order was on the 24th day of the same month set aside, whereby the order of October 10th became inoperative, and to this plea the defendant demurred. So regarding the writ as the commencement of the action or proceeding, the matters set up in both answer and plea arose *pendente lite.* Such matters were always competent to be pleaded; and under the practice before the code, which is

still applicable to proceedings by mandamus, (*Code*, § 471, 32 *Barb.* 473,) might be pleaded *puis darrein* after issue. (2 *Denio*, 321, 2.) This practice still prevails. (9 *How.* 568.)

The parties therefore had a right to interpose those matters by answer and plea. Besides, on this point they stand alike on the record; for the matter set up by the defendant in his answer, as well as that averred by the relator in his plea in reply thereto, arose *pendente lite.*

But it has been found that the alternative writ is fatally defective; that it does not set forth facts sufficient to entitle the relator to the relief he claims.

Judgment must therefore be given against the relator on the demurrers, with costs, but of course for one bill of costs only, on both demurrers.

I find no precedent allowing the writ to be amended after return and demurrer thereto. (3 *R. S.* 723.) It may be amended at any time before it is returnable, (6 *Mod.* 133;) but according to the old practice, not afterwards. (4 *Term R.* 690.) This rule is supposed still to prevail. (5 *Abb. Pr. R.* 241.) But I think the decision in the case last cited was made without considering the purpose and effect of the statute permitting amendments of pleadings and proceedings, the provisions of which extend to writs of mandamus. (2 *R. S.* 424, § 10; 3 *id.* 723, § 10, *5th ed.*) These provisions are not abrogated by the code. (22 *Barb.* 137.)

In this case, however, the relator would gain little by amending, as a new writ would doubtless be granted on due application, the first being adjudged informal and insufficient, and an amendment would be allowed only on terms.

Judgment for the defendant on the demurrer.

[Saratoga Special Term, June 4, 1861. *Bockes,* Justice.]