In the Matter of Tweed.

# SUPREME COURT.

In the Matter of the Application of William M. Tweed for a Mandamus against Noah Davis, a Justice of the Supreme Court.

*Mandamus — exceptions.*

A *mandamus* will not be issued against a judge, commanding him to settle a bill of exceptions in a particular manner, when, as to the manner, there is a dispute.

The justice who presides at the trial must say whether or not an exception was taken, and his return is controlling until further proceedings.

*New York General Term, May*, 1874.

Brady, J.—The rule established by the cases upon applications kindred to this is that a mandamus will be ordered commanding a judge to sign a bill of exceptions, but not to settle it in a particular manner when there is a dispute as to the incidents of the trial. The justice who presided must say whether or not an exception was taken, and his return is controlling, at least until further proceedings. If the return is alleged to be false, the suggestive remedy is by action (*People* agt. *Judges of Washington*, 1 *Caines*, 511; *People* agt. *Judges Common Pleas*, 2 *Caines*, 97; *People* agt. *Judges Westchester*, 2 *John. Cases*, 118; *Fists* agt. *Weatherwax*, 2 *John. Cases*, 215; *Sikes* agt. *Ransom*, 6 *John. Rep.*, 279; *People* agt. *Sessions, Wayne Co.*, 15 *How.*, 393; *Tidd's Pr.*, 903; *Delavan* agt. *Boardman*, 5 *Wend.*, 132), but whether such a remedy in fact exists, *quere* (*See Weaver* agt. *Devendorf*, 3 *Denio*, 120).

In England, according to Tidd (*supra*), if the alternative writ contain the surmise of an exception taken and overruled,

In the Matter of Tweed.

the command is to sign the bill *quod si ita est* (if it be so). But if the judge returns *quod non ita est* (it is not so), an action lies at the instance of the aggrieved party. If he establish the falsity of the return he recovers damages, and the peremptory mandamus goes forth, because the jury have declared that the exception was taken.

In this state, in one case, it was said that a referee would be compelled by mandamus to settle a case, and to settle it correctly (*The People* agt. *Baker*, 35 *Barbour*, 105); but the writ was not issued, owing to some informality in the proceedings. The decision was made at a special term, and is predicated of the cases in 1 *Caines*, 6 *Johnson* and 5 *Wendell* (*supra*). But an examination of these cases shows that the proposition asserted is not warranted by them, and the case stands alone. I have not found any case in which it has been declared that a mandamus would be issued against a judge commanding him to settle a bill of exceptions in a particular manner, when, as to the manner, there was a dispute. There were no authorities to that effect cited on the argument. In this matter there is a dispute as to the correctness of the bill, as passed upon by the presiding justice, in reference to exceptions; and he certifies that it is correct, although, having directed it to be engrossed, it has not yet been presented for his signature. There seems to be a concession that an exception was taken to the exclusion of the juror, Hayes, upon a challenge to the favor, but the presiding justice certifies that he was excluded for mental incompetency, and it was so understood. Upon a careful examination, not only of the authorities but of the application, I have arrived at the conclusion, for the reason assigned and those presented by justices · DANIELS and WESTBROOK, that the mandamus asked for should not be granted.