PEOPLE *ex rel.* MULLIN *v.* BROTHERHOOD OF STATIONARY ENGINEERS.

*(Supreme Court, Special Term, New York County.* October, 1890.)

MANDAMUS—RETURN OF ALTERNATIVE WRIT—AMENDMENT.

    Where an alternative writ of *mandamus* is returnable at special term on a certain day, instead of being made returnable "twenty days after the service thereof, at the office of the clerk," as required by Code Civil Proc. N. Y. § 2072, it is irregular, but may be amended on a motion to quash, made before the return-day named in the writ.

Application by James Mullin for a writ of *mandamus* requiring the Brotherhood of Stationary Engineers of the city of New York to reinstate relator in his membership. The alternative writ was issued August 8, 1890, requiring respondent to reinstate relator, or to show cause, at a special term of the supreme court, to be held "on the first Monday of October next," why it should not do so. Respondent now moves to quash the alternative writ, on the ground that it should have been returnable at the clerk's office within 20 days. Code Civil Proc. N. Y. § 2072, is as follows: "An alternative writ

must be made returnable twenty days after the service thereof, at the office of the clerk of the court, or, in the supreme court, the clerk of the county, designated therein, in which an issue of fact joined thereupon is triable.   A peremptory writ must be made returnable at a general or a special term, designated therein, to which application for the alternative writ might have been made."

*Howe & Hummel,* (*David May,* of counsel,) for relator.   *Browne & Donegan,* (*H. Huffman Browne,* of counsel,) for respondent.

LAWRENCE, J.   It would appear that, under section 2072 of the Code of Civil Procedure, the alternative writ should have been made returnable 20 days after the service thereof, at the office of the clerk of the court, and that as in this case it was made returnable on the first Monday of October, and was not made returnable within 20 days after the service thereof, the plaintiff's counsel is right in his contention.   I am of the opinion, however, that, as this motion has been made previous to the return-day, it is within the power of the court to amend it.   See *People* v. *Baker,* 14 Abb. Pr. 19, 35 Barb. 105.   I will allow the relator to amend his writ on payment of $10 costs.