In the Matter of the Application of RACHEL FRIEDMAN, Administratrix, etc., of BENJAMIN FRIEDMAN, Deceased, Petitioner, for a Mandamus Order against MICHAEL McHUGH, a Justice of the Municipal Court, Sitting in the Second District, Bronx, Respondent.

Supreme Court, Special Term, Bronx County, January 25, 1937.

*Louis Friedmann,* for the petitioner.

The return of the justice.

McLAUGHLIN (CHARLES B.), J. This is a motion to mandamus a justice of the Municipal Court who exercised his discretion under

section 684 of the Civil Practice Act, in denying an application for an order authorizing the issuance of a garnishee execution. This court has examined the paper submitted to the justice of the Municipal Court. The affidavit is insufficient as the basis of any *ex parte* order. An order based upon it could not have been sustained if attacked. It clearly appears that the Municipal Court justice acted within the powers granted to him, and it was in his discretion to say whether the affidavit was satisfactory. Section 684 provides that the order must be signed upon *satisfactory proof* of the facts. The mere statement that a telephone call was made is insufficient in law as there is no proof as to recognition of the voice. (*Murphy* v. *Jack*, 142 N. Y. 215; Richardson Evidence [5th ed.], § 524, subd. f.) In addition, the rule of procedure adopted by the justice was aimed to prevent a fraud upon the court and to avoid the abuses which would result, and which have occurred in the past, where a loose procedure was followed in the granting of orders for garnishee executions. The justice of the Municipal Court rightfully refused to sign the garnishee order. Moreover, the Municipal Court is a court of record and the action of the judge, even if this court did not approve the decision, would be subject to review only on appeal. Where there is a right to appeal, a mandamus order will not be granted (*Matter of Runk*, 200 N. Y. 447, 452); nor will it be issued to review any decision involving the exercise of discretion on the part of a judge. (*People ex rel. Harris* v. *Commissioners*, 149 N. Y. 26; *People* v. *Baker*, 35 Barb. 105; see, also, Fiero Particular Actions and Proceedings [4th ed.], vol. 2, p. 1918.) The motion is denied.